UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAVE HARRISON, JR.**                                                       **CIVIL ACTION**

**versus**                                                                             **No. 05-2096**

**HICO, INC., et al.**                                                          **SECTION I/5**

## ORDER AND REASONS

Before the Court is a motion filed by defendant, the International Union of Painters and Allied Trades, Local 1244 ("the Union"), seeking a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1] Defendant contends that the claim filed by plaintiff, Dave Harrison, Jr. ("Harrison"), is time-barred. Alternatively, the Union seeks summary judgment, pursuant to Rule 56, contending that Harrison is unable to meet the burden of proving his claims. For the following reasons, defendant's motion is **GRANTED.**

### *BACKGROUND*

From April 1, 2003, through May 2, 2003, plaintiff was employed as a painter by HICO, Inc. ("HICO"). He was initially referred to the position through his union, the defendant. On May 2, 2003, Harrison alleges he was wrongfully discharged after complaining about unsafe work conditions.[2]

The next day, Harrison contacted his Union and explained his version of events to Ray Schlaudecker, the Union's business agent responsible for handling grievances.[3] According to

---

[1] Rec. Doc. No. 9.

[2] Rec. Doc. No. 5, p. 3.

[3] Rec. Doc. No. 5, p. 6.

Schlaudecker, the Union and HICO are parties to a collective bargaining agreement ("CBA") that, in part, subjects employee grievances to a final and binding four-step grievance and arbitration process.[4]  Schlaudecker investigated the complaint and concluded that Harrison voluntarily resigned from his position.  This information was provided, via phone, to Harrison approximately one week after his discharge.[5]  Based on this investigation, the Union did not file a grievance.[6]

Subsequently, on October 10, 2003, Harrison filed charges with Region 15 of the National Labor Relations Board ("the Board") in New Orleans, Louisiana, against both HICO and the Union.  The charges alleged that the Union also violated the NLRA for failing to file a grievance.  Region 15 undertook an investigation of the charges and determined that they were without merit.  Thus, on November 5, 2003, the Board dismissed the charges.[7]

In accordance with the Board's rules and regulations, Harrison filed an appeal of the dismissals with the Board's General Counsel.  After conducting an independent review, the General Counsel's Office of Appeals denied Harrison's appeal on February 12, 2004.  On July 21, 2005, Harrison, serving as a *pro se* plaintiff, filed the instant action in this Court claiming wrongful termination by HICO and breach of the duty of fair representation by the Union.  Additionally, Harrison brought suit against the Board seeking judicial review of its General

---

[4] Rec. Doc. No. 9, Def.'s Exh. 1, pp. 1-2.

[5] Rec. Doc. No. 5., p. 6.

[6] Rec. Doc. No. 9, Def.'s Ex. 1, p. 2.

[7] Rec. Doc. No. 9, Def.'s Mem., p. 3.

Counsel's decision not to issue an unfair labor practice complaint.[8]  The Union filed the instant motion to dismiss on August 24, 2005.  Plaintiff opposes the motion.[9]

**I. Standard of Law**

Rule 12(c) of the Federal Rules of Civil Procedure provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  A Rule 12(c) motion is subject to the same standard that is applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citation omitted).

According to the Fifth Circuit, "[a] motion brought pursuant to [Rule 12(c)] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citing *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).  When analyzing such a claim,

> [p]leadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain.  The [district] court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

*Id.* (internal quotations and citations omitted) (alteration in original).  The Court evaluates the complaint in the light most favorable to the plaintiff and accepts "all well-pleaded facts as true."  *Id.* at 312-13 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

---

[8] Plaintiff's claim against the Board was dismissed by this Court for lack of subject matter jurisdiction on February 21, 2006.  Rec. Doc. No. 16.

[9] Rec. Doc. No. 13.

Pursuant to Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Greenberg v. Gen. Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973). The issue is whether the plaintiff is entitled to offer evidence to support his claim, not whether he will ultimately prevail on the merits. *Great Plains Trust Co.*, 313 F.3d at 313 (citing *Jones*, 188 F.3d at 324).

As plaintiff is serving *pro se*, the Court is permitted to examine his complaint with "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972). His pleadings are construed liberally. *U.S. v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

## II.  Defendant's Motion for Judgment on the Pleadings

The Union asserts that Harrison's claims constitute a hybrid action under § 301 of the Labor Management Relations Act ("LMRA"), which is subject to a six-month statute of limitations.[10] The Union further contends that the limitation period began running a week after Harrison's discharge. It was at this time that the Union's business agent, Schlaudecker, informed Harrison that an investigation had been completed and that nothing further would be done on plaintiff's behalf. At the latest, the Union suggests, time began running no later than October 10, 2003, when plaintiff filed a charge against the Union with the Board. The Union argues that Harrison's claim against it is time-barred because it was filed more than six months

---

[10] Rec. Doc. No. 9, Def.'s Mem., pp. 5-8. A classic § 301 hybrid suit is comprised of two separate causes of action, one against the employer and the other against the union. *Daigle v. Gulf State Utilities Co.*, 794 F.2d 974, 977 (5th Cir. 1986). Under § 301, the employee has a "federal cause of action against his employer for breach of the collective bargaining agreement." *Id.* "The suit against the union for breach of the duty of fair representation is implied under the scheme of the [NLRA]." *Id.* (citing *DelCostello v. Teamsters*, 462 U.S. 151, 165, 103 S. Ct. 2281, 2290, 76 L. Ed. 2d 476, 489 (1983)). "The two causes of action are 'inextricably interdependent', and have come to be known as a hybrid § 301/duty of fair representation suit." *Id.* (citing *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S. Ct. 1559, 67 L. Ed. 2d 732 (1981)).

after either event.

The NLRA does not expressly assign a limitation period for actions based on a union's breach of its duty of fair representation or for hybrid claims brought pursuant to § 301 of the LMRA. In *DelCostello v. Teamsters*, however, the United States Supreme Court directly addressed the question and held that the six-month statute of limitations applicable to unfair labor practices by § 10(b) of the NLRA also applies to hybrid suits. 462 U.S. 151, 171, 103 S. Ct. 2281, 2294, 76 L. Ed. 2d 476, 493 (1983). Courts in this circuit have applied the six-month limitation period announced in *DelCostello* regardless of whether an employee's duty of fair representation claim is brought in conjunction with a claim against the employer as part of a hybrid suit. *See, e.g.*, *Smith v. Int'l Org. of Masters, Mates & Pilots*, 296 F.3d 380, 383 (5th Cir. 2002); *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 411 (5th Cir. 1990); *Lee v. UPS*, No. 03-2174, 2004 U.S. Dist. LEXIS 3049, at *12 (E.D. La. Feb. 26, 2004). Therefore, Harrison's action against the Union is subject to the six-month limitation applicable to § 10(b) claims.

In his charge with the NLRB, plaintiff alleges that the Union failed to file a grievance on his behalf "since on or about May 2, 2003."[11] His NLRB charge was filed on October 10, 2003. The NLRB dismissed his charge on November 5, 2003,[12] and plaintiff's appeal of this dismissal was denied on February 12, 2004[13]. Plaintiff filed the instant claim against the Union on July 21, 2005.[14]

---

[11] Rec. Doc. No. 9, Def.'s Ex. 1A.

[12] Rec. Doc. No. 9, Def.'s Ex. 1B.

[13] Rec. Doc. No. 9, Def.'s Ex. 1D.

[14] Rec. Doc. No. 5.

The six-month limitation on plaintiff's claim "begins to run when the plaintiff either knew or should have known of the injury itself, i.e., the breach of duty of fair representation, rather than of its manifestations." *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989); *see also Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 304 (7th Cir. 1983) (holding that a union's refusal to file a grievance triggered the six-month limitation period); *Vancourt v. Am. Postal Workers Union, New Orleans Local #83*, No. 03-1670, 2003 U.S. Dist. LEXIS 15407, at *13 (E.D. La. Aug. 20, 2003).

As evidenced by his NLRB charge, plaintiff had actual knowledge of the alleged injury–i.e., the Union's failure to file a grievance on his behalf–in May, 2003. Even allowing that the six-month limitation period may have been tolled from October 10, 2003, until February 12, 2004, while his NLRB charge was pending, plaintiff's claim in this Court was not timely filed.[15]

Accordingly,

For the above reasons, **IT IS ORDERED** that defendant's motion for judgment on the pleadings is **GRANTED**.

New Orleans, Louisiana, February __24th__, 2006.

                                    **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**

---

[15]Because plaintiff's complaint is dismissed as time-barred, the Court need not address defendant's motion for summary judgment.